BETH CREIGHTON, OSB #972440
E-mail: beth@civilrightspdx.com
LAURA KOISTINEN, OSB #175123
E-mail: laura@civilrightspdx.com
CREIGHTON & ROSE, PC
Suite 300 Powers Building
65 SW Yamhill Street
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:       (503) 223-1516

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CATHERINE WILKINS,** | Case No. 6:18-cv-00756 |
| Plaintiff, | **COMPLAINT** |
| vs. | (Violation of ORS 659 A.030(a) & 42 U.S.C.  § 2000e-2(a) - Sexual Harassment and Sex Discrimination; Violation of ORS 659A.030(f) & 42 U.S.C. § 2000e-3(a)- Retaliation; Violation of ORS 659A.199- Whistleblower Discrimination) |
| **CBT NUGGETS, LLC,** | |
| Defendant. | |
| | *Damages Sought in an Amount not to Exceed $500,000* |
| | **JURY TRIAL REQUESTED** |

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

# I.

# INTRODUCTION

1. Pursuant to ORS 659A.030(a) and 42 U.S.C. § 2000e-2(a), Plaintiff alleges violation of her statutory rights to be free from sexual discrimination in the workplace and to work in an environment free of sexual harassment. Moreover, pursuant to ORS 659A.030(f), ORS 659A.199, and 42 U.S.C. § 2000e-3(a), Plaintiff alleges the deprivation of her rights as protected by state anti-retaliation statutes, as well as federal and state anti-whistleblowing statutes. She seeks damages and equitable remedies, including declaratory judgment and attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

# II.

# JURISDICTION & VENUE

2. Jurisdiction on this matter is based upon 28 U.S.C. §1331 and 28 U.S.C. §1367.

# III.

# PARTIES

3. At all times relevant herein, Plaintiff Catherine Wilkins (herein "Wilkins") worked for Defendant CBT Nuggets, LLC. in Eugene, Oregon.

4. At all times stated, CBT Nuggets, LLC. (herein "CBT"), was and is a limited liability company formed in the State of Oregon, with their main office in Lane County.

///

///

PAGE 2 – COMPLAINT

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

## IV.

## FACTS

5. CBT hired Wilkins on February 2, 2015, as the Human Resources Manager. She enjoyed positive reviews and had a good working relationship with her supervisors.

6. On or about November 19, 2015, while in a meeting with a job applicant, CBT Nuggets owner Dan Charbonneau (herein "Charbonneau") suggested that Wilkins come over and "give [him] a kiss." This comment was unwelcome and Wilkins objected to it.

7. On or about December 14, 2015, a female employee filed a formal sexual harassment complaint against Charbonneau. The employee complained that Charbonneau was creating a hostile work environment and sexually harassing her by excessively focusing on and talking about her breasts after she returned from maternity leave.

8. When approached with the complaint, Wilkins expressed that she was uncomfortable conducting the investigation on behalf of this employee because Charbonneau had made sexually inappropriate comments towards her as well in the past.

9. Wilkins recommended that an impartial third party should conduct the investigation. However, CBT rejected that idea stating, "we know what they would find."

10. When Charbonneau discovered that a formal complaint had been filed against him by an employee, he pulled Wilkins into his office and demanded that she immediately tell him what the complaint was about. Wilkins indicated that he would learn the specifics of the complaint after the investigation was complete, but could not tell Charbonneau the details until then. Charbonneau became irate and tried to physically intimidate Wilkins into revealing the nature of the complaint and the identity of the person complaining.

PAGE 3 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

11. The investigation was ultimately conducted by CBT's in-house counsel Matt Bromley (herein "Bromley). Bromley failed to interview any of the employees who could have corroborated the complainant's version of the events, and the grossly superficial investigation subsequently found that the hostile work environment complaint against Charbonneau was "unsubstantiated."

12. On February 9, 2016, just six weeks after Wilkins alleged sexually inappropriate comments by Charbonneau, Julie Tovsen (herein "Tovsen") was hired. She had less experience and less training than Wilkins, but was nonetheless brought onboard at $30,000 above Wilkins' annual salary. Wilkins was tasked with training Tovsen, and during that training period Tovsen expressed the understanding that she was going to take over Wilkins' position.

13. On or about March 28, 2016, CBT terminated Wilkins, claiming that Tovsen had indicated that Wilkins was "not a good fit" for CBT.

14. As a direct result of Defendant's conduct, Wilkins has suffered economic and noneconomic damages. Wilkins seeks damages in an amount to be determined by a jury at trial. Wilkins also seeks reinstatement and all other equitable remedies, including reinstatement available to her by statute.

15. As a further and direct proximate result of Defendant's unlawful conduct, Wilkins has incurred loss of earnings and loss of employment benefits. Wilkins continues and will continue to suffer loss of earnings in an amount to be determined by a jury at trial, along with other employment-related benefits on an ongoing basis through the date of trial and likely continuing into the future.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

16.     Wilkins is entitled to a declaration that Defendant violated her rights under ORS 659A and an order requiring Defendant to make her whole.

## V.

## CLAIMS

**FIRST CLAIM FOR RELIEF**
**Sexual Harassment and Sex Discrimination**
**(ORS 659A.030(a) & 42 U.S.C. § 2000e-2(a))**

17.     Plaintiff realleges and incorporates paragraphs 1 through 16 above.

18.     As described herein, Defendant subjected Plaintiff to unwelcome, and objectively severe and/or pervasive sexually offensive remarks, conduct and environment which altered the terms and conditions of her employment, unreasonably interfered with her ability to perform her job, and created an abusive working environment, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e2(a) and ORS 659A.030(a).

19.     Defendant's failure to address Plaintiff's allegations of sexual harassment in a meaningful manner constitutes a violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. 2000e2(a), and under ORS 659A.030.

20.     Defendant's actions proximately caused Plaintiff to incur economic harm in an amount to be determined at trial.  In addition, Plaintiff has lost benefits in an amount to be determined at trial. Plaintiff is entitled to future loss wages in lieu of reinstatement, to recover all lost wages, benefits and other compensation lost by reason of Defendant's violation of Plaintiff's rights, together with interests and the amounts necessary to offset the income tax consequences of the award.

PAGE 5 – COMPLAINT

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

21.     Defendant acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and has demonstrated a conscious indifference to the health, safety and welfare of others.  As such, Plaintiff should be awarded punitive damages against Defendant in an amount to be determined at trial.

22.     Plaintiff is entitled to her attorney fees and litigation expenses/costs, including expert witness fees, against Defendant pursuant to 42 USC § 1988(b) & (c), ORS 659A.885, and ORS 20.107.

## SECOND CLAIM FOR RELIEF
### Retaliation
### (ORS 659A.030(f) & 42 U.S.C. § 2000e-3(a))

23.     Plaintiff realleges paragraphs 1 through 16.

24.     After Plaintiff reported Charbonneau's sexual harassment and raised issues about CBT's investigative procedures, Defendant retaliated against Plaintiff by:

   a.   subjecting Wilkins to physical and psychological intimidation in order to frustrate investigation of the allegations;

   b.   intentionally conducting a demonstrably inadequate investigation into the allegations of sexual harassment; and

   c.   terminating Wilkins' employment.

25.     CBT's conduct constitutes unlawful retaliation under ORS 659A.030(f) and 42 U.S.C. § 2000e-3(a).

26.     Plaintiff has incurred lost wages as a result of Defendant's terminating her employment. In addition, as a consequence of Defendant's retaliatory conduct, Plaintiff is entitled to economic and non-economic damages.

PAGE 6 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

27. Defendant's reprehensible conduct shows a conscious indifference for Plaintiff's health, safety and welfare.

28. Plaintiff seeks injunctive relief ordering Defendant to cease and desist its illegal practices and to take appropriate steps to ensure such conduct does not occur again.

29. Pursuant to ORS 659A.885(1), Plaintiff is entitled to an award of her reasonable attorneys' fees.

30. Plaintiff is entitled to her attorney fees and litigation expenses/costs, including expert witness fees, against Defendant pursuant to 42 USC § 1988(b) & (c), ORS 659A.885, and ORS 20.107.

### THIRD CLAIM FOR RELIEF
### Whistleblower Discrimination
### (ORS 659A.199)

31. Plaintiff realleges and incorporates paragraphs 1 through 16 above.

32. As described above, Plaintiff alleges that Defendant violated ORS 659A.199 by discriminating and/or retaliating against her in the terms, conditions, and privileges of her employment because she, in good faith, reported information that she believed to be a violation of State and/or federal law.

33. As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has suffered economic damages and is entitled to an award of lost wages and benefits in an amount to be determined by a jury at trial, but no more than $500,000 (combined amount with non-economic damages).

34. As a result of the events previously described, Plaintiff suffered non-economic damages, including but not limited to emotional distress, depression and loss of

PAGE 7 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

enjoyment of life, and is entitled to an award of compensatory damages in an amount to be determined by a jury at trial, but no more than $500,000 (combined amount with economic damages).

35. Plaintiff is entitled to future lost wages, her reasonable attorneys' fees and costs pursuant ORS 659A.885, ORS 20.107 and all other remedies available at law.

36. Plaintiff is entitled to a declaration that Defendant violated her rights under ORS 659A.199 and an order requiring Defendant to take appropriate steps to make her whole.

37. Plaintiff is entitled to all equitable remedies available in order to make her whole.

## VI.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial.

1. Economic damages;

2. Noneconomic damages;

3. Punitive damages;

4. Future lost wages;

5. On all claims, as applicable, amounts necessary to offset the income tax consequences of receiving a lump sum payment, rather than receiving a payment of wages over the applicable time frame;

6. Reasonable attorneys' fees and costs;

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

7. Prejudgment and post judgment interest as appropriate and allowed by law;

8. Injunctive relief ordering Defendant to cease and desist their illegal practices under each above-cited claim, and ordering Defendant to carry out and institute policies, practices and programs designed to ensure that such violations are not repeated in the future;

9. Declaratory Judgment; and

10. Any and all other relief as this court may deem proper.

DATED this 2nd day of May, 2018.     CREIGHTON & ROSE, PC

                                              *s/ Beth Creighton*
                                              Beth Creighton, OSB# 972440
                                              beth@civilrightspdx.com
                                              Laura Koistinen, OSB #175123
                                              laura@civilrightspdx.com
                                              (503) 221-1792
                                              Attorneys for Plaintiff Catherine Wilkins

**JURY TRIAL REQUESTED**

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
65 SW Yamhill St. #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com